FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JUN 21  PM 4:45

LORETTA G. WHYTE
      CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO: 00-143 |
| WILLIAM ISOM | SECTION: "S" |

### JUDGMENT REVOKING SUPERVISED RELEASE

The government in this case has filed a "Rule to Revoke Supervised Release," in which it requests that this court revoke the sentence of supervised release imposed on defendant William Isom.

I. HISTORY OF THE CASE

William Isom pleaded guilty to bank robbery in violation of 21 USC § 2113(a). On September 27, 2000, Isom was sentenced to a term of imprisonment of 71 months, to be followed by a term of supervised release of three (3) years. As special conditions of supervised release, Isom was ordered to abide by the financial restriction and financial disclosure conditions, participate in a drug testing/treatment program, participate in the orientation and life skills program, participate in a mental health treatment program, and pay restitution in the amount of $1,138.00 at a rate of $50.00 per month. A $100.00 special assessment fee was also ordered. Isom was released from custody on April 10, 2006, at which time his supervised release commenced.

II. COURT'S FINDINGS

Based on the stipulated evidence, the court finds that the defendant, William Isom, violated the conditions of his supervised release in the manner alleged by the Government in the "Rule to Revoke Supervised Release."

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

Specifically, the defendant violated the conditions of supervision as follows:

Isom was arrested on July 4, 2006 by personnel of the New Orleans Police Department and charged with possession of marijuana and possession with intent to distribute cocaine. On September 5, 2006, Isom appeared in Orleans Parish Magistrate Court, under Magistrate No. 467-066, and he was released under Article 701. This case has been accepted by the Orleans Parish District Attorney's Office and is currently pending. Isom is scheduled to appear in court for his arraignment on June 27, 2007.

On September 23, 2006, Isom was again arrested by personnel of the New Orleans Police Department and charged with possession of marijuana. Isom appeared in Orleans Parish Magistrate Court, under Magistrate No. 469-935, and he was released under Article 701. The case is pending but no court date has been set.

On October 2, 2006, Isom was arrested by personnel of the New Orleans Police Department and charged with possession with the intent to distribute cocaine base and bringing contraband to jail. Isom appeared in Orleans Parish Magistrate Court, under Magistrate No. 470-220, and he was released under Article 701. The case is pending but no court date has been set.

On March 13, 2007, Isom was again arrested by personnel of the New Orleans Police Department and charged with possession of marijuana, distribution of false drugs, and possession with intent to distribute marijuana. Isom appeared in Orleans Parish Magistrate Court, under Magistrate No. 475-886, and he was released under Article 701. The court only found probable cause regarding the possession with intent to distribute marijuana charge. The case is pending but no court date has been set.

On March 6, 2007, Isom submitted a urine specimen which tested positive for marijuana.

Isom failed to pay the court-ordered special assessment fee of $100.00.

Isom failed to pay the restitution ordered in the amount of $1,138.00.

III. <u>SENTENCE IMPOSED</u>

The court finds, pursuant to the Advisory Committee notes to the 1979 addition to Federal Rule of Criminal Procedure 32.1, that it would unduly deprecate the seriousness of the defendant's violation if supervised release were not revoked.

Isom's original offense was a Class C felony, and he was sentenced to a term of supervised release of three years. Pursuant to 18 U.S.C. § 3583(e)(3), he is facing a maximum

2

statutory penalty of two years of incarceration.

The court has considered the policy statements contained in Chapter 7 of the United States Sentencing Guidelines in connection with this case. According to § 7B1.4, Isom's violations are classified as Grade C violations. His criminal history is category IV, and the range of imprisonment is six to twelve months.

Because the original offense occurred after September 13, 1994, the court may impose of term of supervised release of no more than thirty-six months less any term of imprisonment imposed at revocation pursuant to 18 U.S.C. § 3583(h).

Pursuant to the Sentencing Reform Act of 1984 and by stipulation of the parties, it is the judgment of this Court that the defendant's term of supervised release imposed on September 27, 2000, is revoked, and the defendant is committed to the custody of the Bureau of Prisons for a period of six (6) months, as to Count 1.

Upon release from imprisonment, the defendant shall be placed on supervised release for a period of two (2) years. Within 72 hours of release from the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.
While on supervised release, the defendant shall comply with the mandatory and special conditions that have been adopted by this Court, and shall not possess a firearm.

In addition, the following special conditions are imposed:
1) The financial disclosure condition. The defendant shall make complete disclosure of his personal and business finances and submit to an audit of his personal financial records, as directed by the United States probation officer.
2) The financial restriction condition. The defendant shall refrain from opening new lines of credit or incurring new charges without the permission of the United States probation officer.
3) The drug abuse treatment and/or testing condition. The defendant shall submit to a drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter, as directed by the probation officer.
4) Orientation and life skills condition. The defendant shall participate in an orientation and life skills program as directed by the probation officer.
5) Mental health treatment condition. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.
6) The defendant shall pay restitution in the amount of $1,138.00, at a rate of $50.00 per month as ordered by this judgment.
The Court recommends that any vocation or educational training that is available be provided to the defendant.

New Orleans, Louisiana, this 20 day of June, 2007.

*[signature]*
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE